ROBERT G. REEVES,

          Plaintiff

v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER
OF SOCIAL SECURITY,

          Defendant.

_____/

Civil Action No.: 2:16-cv-00114
Honorable Aleta A. Trauger
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD
[ECF. NO. 16]**

    Plaintiff Robert Reeves appeals the final decision of defendant Commissioner of Social Security (Commissioner), which denied his application for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. He has filed a motion for judgment on the administrative record, the Commissioner has responded, and the matter has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision did not adequately account for Reeves's moderate limitations in concentration,

persistence, and pace and thus **RECOMMENDS** that:

- Reeves's motion **[ECF No. 16]** be **GRANTED**; and,
- the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this report and recommendation.

## I. BACKGROUND

### A. Reeves's Background and Disability Application

Born November 29, 1988, Reeves was 21 years old on his alleged onset date of August 30, 2010. [Tr. 14, 26]. Reeves is a high school graduate with past work experience as a packing machine operator, soldering production line worker, and kitchen helper/bus boy. [Tr. 26]. Reeves alleged disability due to a back injury suffered on August 30, 2010, and depression arising from the pain and limitations from that injury. [ECF No. 16, PageID 632-33].

After a hearing on August 6, 2014, during which Reeves and a vocational expert (VE) testified, the ALJ found that Reeves was not disabled. [Tr. 14-27, 32-66]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [Tr. 1-4]. Reeves timely filed for judicial review. [ECF No. 1].

## B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity, and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c).

and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994). To meet this burden, the Commissioner must make a finding supported by substantial evidence that the claimant has the vocational qualifications to perform specific jobs. *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987).

Applying this framework, the ALJ concluded that Reeves was not disabled. At the first step, she found that Reeves had not engaged in substantial gainful activity since the alleged onset date. [Tr. 16]. At the second step, she found that Reeves had the severe impairments of "lumbar spine degenerative disc disease, adjustment disorder, and major depressive disorder." [*Id.*]. Next, the ALJ concluded that none of his impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [Tr. 17-18].

Between the third and fourth steps, the ALJ found that Reeves had

the RFC to perform light work,[2] except that:

> he can lift and/or carry 30 pounds occasionally and 10 pounds frequently; stand, walk, and sit for 6 hours each during an 8-hour workday; frequently balance, kneel, crouch, and crawl; occasionally stoop; frequently reach overhead, handle, and finger with the bilateral upper extremities; and maintain concentration, pace and persistence for 2 hours at a time during an 8-hour workday.

[Tr. 18]. At step four, the ALJ found that Reeves was not capable of performing his past relevant work. [Tr. 26]. At the final step, after considering Reeves's age, education, work experience, RFC, and the testimony of the VE, the ALJ determined that Reeves could perform jobs that existed in significant numbers, including positions as fast food worker, cashier and assembler. [Tr. 27].

## II. ANALYSIS

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such

---

[2] "In order to perform a full range of light work, an individual must be able to lift up to 20 pounds, with frequent lifting or carrying of objects weighing up to 10 pounds. Light work requires standing up to six hours of an eight-hour workday." Social Security Ruling (SSR) 83-10, 1983 WL 31251 (1983).

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Reeves argues that the RFC finding that he was capable of a restricted range of light work was not supported by the substantial evidence. He contends that the RFC fails to account for his acknowledged moderate limitations in concentration, persistence and pace (CPP). [ECF No. 16, PageID 635]. The Court agrees that that the RFC's purported restriction of maintaining CPP for two hours at a time is, in fact, no restriction at all, because a normal workday schedule anticipates maintaining CPP for two hours at a time. On that basis, this matter should be remanded.

In her decision, the ALJ assessed Reeves as having moderate difficulties with CPP. [Tr. 17]. The ALJ noted the State Agency's consulting examiner, licensed psychologist Linda Blazina, Ph.D., concluded that Reeves's ability to sustain his concentration, attention and persistence were moderately impaired. [Tr. 25, 348]. She specifically assigned great

6

weight to this portion of Dr. Blazina's opinion. [Tr. 26]. The ALJ also noted the conclusion of reviewing consultant, P. Jeffrey Wright, Ph.D., that Reeves experienced moderate difficulties in maintaining concentration, persistence, and pace. [Tr. 25, 97]. Ostensibly to account Reeve's moderate limitations in CPP, the ALJ's assessed RFC indicated that he could "maintain concentration, pace and persistence for 2 hours at a time during an 8-hour workday." [Tr. 18].

But courts have found an ALJ's finding of moderate limitations in CPP to be inherently inconsistent with an RFC for maintaining CPP for two hours at a time during an eight hour workday. *See Cala v. Colvin*, 3:14-CV-01060, 2016 WL 270303, at * 17 (M.D. Tenn., Jan 21, 2016); *Jaramillo v. Colvin*, 576 F. App'x 870, 875-76 (10th Cir. 2014). That is because a normal, unimpaired workday anticipates maintaining CPP for two hours segments between normal breaks. *Id.* In fact, the Social Security Agency's procedural rules state that any job requires "'[t]he ability to maintain concentration and attention for extended periods (the approximately 2–hour segments between arrival and first break, lunch, second break, and departure).'" *Jaramillo*, 576 Fed. App'x at 876 (quoting POMS DI 25020.010 B). *Id.* When the medical and opinion evidence reflect a plaintiff's moderate limitation in CPP, "an RFC that states [p]laintiff can

7

maintain concentration, persistence and pace and participate in a normal workday is not a reasonable finding." *Cala,* 2016 WL 270303, at *17.

The Commissioner asserts, without citing supporting authority, that there is nothing erroneous about an RFC that would require Reeves to maintain CPP for the same time periods as an unimpaired worker: "Just because Plaintiff's limitations can be accommodated with normal work breaks does not mean that it is not a limitation." [ECF No. 17, PageID 651]. The Court disagrees. "A moderate impairment is not the same as no impairment at all. Instead, it supports the conclusion that the individual's capacity to perform the activity is impaired and therefore must be related with sufficient precision in a dispositive hypothetical to a VE and in an RFC finding." *Jaramillo*, 576 F. App'x at 876 (citations and internal quotation marks omitted).

Here, the ALJ presented the VE with a hypothetical including mental limitations of maintaining CPP for two hours at a time during an eight hour work day. [Tr. 58]. In response, the VE testified that such limitations were consistent with the schedule of a typical workday and thus would not reduce the jobs Reeves could perform. [*Id.*]. As the VE's response clearly illustrates, the ALJ's hypothetical did not adequately relate Reeves's moderate impairment. In fact, both the VE's response and the Agency's

8

own internal rules indicate that this hypothetical suggested no impairment at all. And because the hypothetical presented to VE did not accurately portray Reeves's mental impairment, the VE's responsive testimony cannot amount to substantial evidence that Reeves had the vocational qualifications to perform the jobs identified by the VE. *See Collier, v. Comm'r of Soc. Sec.*, 3:16-CV-02077, 2018 WL 898678, at *3 (M.D. Tenn. Feb. 15, 2018) (citing *Varley*, 820 F.2d at 779). The Commissioner has not satisfied her burden of proof at step five of the sequential analysis, thus requiring a remand.

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Reeves's motion for judgment on the administrative record **[ECF No. 16]** be **GRANTED**; and that the Commissioner's decision be **REMANDED** for further consideration, pursuant to sentence four of 42 U.S.C. § 405(g).

Dated: March 5, 2018

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge  
Sitting by Special Designation

# **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.